**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BALGO TECHNOLOGIES, LLC,**

    **Plaintiff,**

v.                                                                      Case No.   6:25-cv-1206-ACC-RMN

**HISCOX INSURANCE**
**COMPANY, INC.,**

    **Defendant.**

## ORDER

This cause comes before the Court on Defendant Hiscox Insurance Company, Inc.'s Motion to Dismiss Plaintiff Balgo Technologies, LLC's Complaint (Doc. 7), to which Plaintiff filed an opposition (Doc. 14). For the following reasons, the Motion will be denied.

## BACKGROUND

Plaintiff is "a financial technology company whose online platform enables customers to utilize artificial intelligence tools to manage their investments, which are traded through third-party financial service providers." (Doc. 1-1 ¶ 4). Defendant is an insurance company. Plaintiff obtained from Defendant a Cyber and Data Risk Solution Policy of insurance (the "Policy") with coverage for "loss of reputation and

business income." (*Id.* ¶ 5).

Plaintiff alleges that on or about February 5, 2024, it sustained a covered loss resulting in significant damage. (*Id.* ¶ 7). Specifically, Plaintiff alleges that a recently hired Chief Executive Officer, Randy Webb ("Webb"), was terminated on February 4, 2024 due to Webb exfiltrating and deleting Plaintiff's client files resulting in a data breach and the shutting down of Plaintiff's business until April 15, 2024. (*Id.* ¶¶ 7–11). Plaintiff alleges the damage from this data breach included that it was unable to bill customers, obtain new customers, significantly decreased its revenue, and caused additional expenses. (*Id.* ¶¶ 11–14).

Plaintiff does not attach a copy of the Policy to the Complaint. However, Defendant attached the Policy to its Motion.[1] (Doc. 7-1). Plaintiff alleges that it notified Defendant of the loss on or about February 6, 2024 and received a letter from Defendant "confirming coverage for the losses." (*Id.* ¶¶ 19–20). Plaintiff alleges that it has fully cooperated with Defendant regarding the claim but that, on December 24, 2024, Defendant denied coverage. (*Id.* ¶¶ 20–21). Plaintiff also alleges that it complied with conditions precedent to bringing the action (*Id.* ¶ 26).

---

[1] The Policy will be considered because it was referred to in the Complaint, its authenticity is unchallenged, and it is central to the case. *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1285 (11th Cir. 2007) (considering policy attached to a motion to dismiss "because it is referred to in the complaint, it is central to FSA's federal securities claim, its consideration comports with the requirements of notice pleading, and neither party challenges its authenticity").

Plaintiff brings a claim for breach of contract (Count I) and for declaratory relief (Count II) requesting that the Court declare whether Plaintiff has suffered a business interruption loss under the Policy.

## **LEGAL STANDARD**

For purposes of deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "Generally, under the Federal Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). However, the plaintiff's complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). Thus, the Court is not required to accept as true a legal conclusion merely because it is labeled a "factual allegation" in the complaint; it must also meet the threshold inquiry of facial plausibility. *Id.*

## ANALYSIS

In its Motion, Defendant argues that Plaintiff's Complaint should be dismissed because Plaintiff fails to (1) identify an express provision in the contract that creates an obligation that has been breached; (2) plead satisfaction of conditions precedent to coverage, including paying the retention amount and submitting a proof of loss; (3) plead an actual, verifiable loss; and (4) allege a wrongful denial. (Doc. 7). Defendant also asserts that Plaintiff's declaratory judgment count must be dismissed because it is duplicative of the breach of contract claim.

In Florida, to state a claim for breach of contract, a plaintiff must allege "(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999). Under Florida law, the "construction of an insurance policy is a question of law for the court." *U.S. Fire Ins. Co. v. J.S.U.B., Inc.*, 979 So. 2d 871, 877 (Fla. 2007). "The scope and extent of insurance coverage is determined by the language and terms of the policy." *Ernie Haire Ford, Inc. v. Universal Underwriters Ins. Co.*, 541 F. Supp. 2d 1295, 1298 (M.D. Fla. 2008) (quoting *Bethel v. Sec. Nat'l Ins. Co.*, 949 So. 2d 219, 222 (Fla. 3d DCA 2006)). An insurance policy is a contract that is construed according to its plain meaning. *Garcia v. Fed. Ins. Co.*, 969 So. 2d 288, 291 (Fla. 2007).

The Policy provides coverage as follows:

> We will pay up to the coverage part limit for loss incurred by you in excess of the retention resulting from **a data breach**, security failure, or extortion threat that first occurs on or after the retroactive date and is discovered by you during the policy period. Loss means: 1. **breach costs** 2. claim expenses damages, and PCI fines and assessments because of a claim made against you 3. claim expenses and penalties because of a regulatory proceeding initiated against you 4. cyber extortion costs 5. **business interruption costs**; and 6. data recovery costs.

(Doc. 7-1 at 36) (emphasis added).

Here, Plaintiff alleges that it sustained a loss due to a data breach. Data breach is not further defined by the Policy. However, the various types of losses are further defined. Plaintiff appears to allege "breach costs," a term which is defined by the Policy to include specific categories of costs incurred as a result of the data breach. Plaintiff also alleges to have suffered a business interruption loss, which is further defined by the Policy to include "income loss and extra expense actually sustained during the period of restoration directly due to the total or partial interruption of your business," but excludes legal costs, updates, costs related to a failure to act under certain conditions, outages, or natural perils, costs associated with unfavorable business conditions, or costs relating to software program vulnerabilities. The Policy requires a party submit a sworn proof of loss and recovery must be more than the retention.

### A. Plaintiff's allegations of coverage

Defendant argues that Plaintiff has failed to cite to specific provisions providing coverage. Defendant relies on a case stating that a "breach of contract claim must be dismissed where it is unclear what provision or obligation under the contract has been violated." *Brush v. Miami Beach Healthcare Grp. Ltd.*, 238 F. Supp. 3d 1359, 1367 (S.D. Fla. 2017). The *Brush* case emphasized that "[p]laintiffs are required to point toward an express provision in the contract that creates the obligation allegedly breached." *Id*. However, while the *Brush* case merely identifies a general rule that a specific contractual provision must be clear and obvious, *Brush* is not an insurance case, like this one. *Brush* does not analyze the specificity necessary to allege a claim against an insurer for failing to provide coverage where the policy's coverage provision is clear.

Courts have typically held allegations sufficient where a plaintiff alleges the existence of a specific type of insurance policy (here, a Cyber and Data Risk Solution Policy), a general coverage provision that has been breached (here, coverage resulting from a data breach), and the cause of the damages alleged to be covered (here, Plaintiff alleges business interruption damages were caused by the covered data breach). *Fonseca v. Am. Reliable Ins. Co.*, No. 3:21-cv-521, 2021 WL 4974250, at *2, n.4 (M.D. Fla. Oct. 26, 2021). Because Plaintiff alleges that the Policy provides insurance coverage for damages caused by a data breach and further details

the type of breach and type of damages, this is sufficient at this stage. *See RMC Dev., LLC v. State Farm Fire & Cas. Co.*, No. 7:24-cv-00108, 2025 WL 964233, at *2 (M.D. Ga. Mar. 31, 2025) (reasoning that "'[t]he Policy provides coverage for hurricanes and/or wind damages.' It is thus plain that RMC does, in fact, allege specific coverage. And RMC's claimed losses due to a windstorm plainly fall under that coverage. This is more than sufficient . . .").

Additionally, Plaintiff alleges the specific facts of the data breach—a former employee accessing data and deleting files and using this information to contact customers. (Doc. 1-1 ¶ 10). Plaintiff also alleges this data breach caused a business interruption and outlines specific costs and damages, which Plaintiff alleges are covered. (*Id.* ¶ 11). The allegations of the Complaint must be accepted as true at this stage, construed in favor of Plaintiff, and are, thus, sufficient. *RMC Dev., LLC*, 2025 WL 964233, at *3 ("In other words, RMC has alleged the specific provisions breached by State Farm—the provisions which provided coverage for hurricanes/wind damage. As such, RMC identifies the breached provision with sufficient specificity to plausibly allege a breach."). Additionally, Plaintiff is not required to attach a copy of the insurance policy to the Complaint in federal court. *Fonseca*, 2021 WL 4974250, at *2. Upon find the coverage allegations sufficient, the Court turns next to Defendant's arguments regarding conditions precedent.

### B. Plaintiff's allegations regarding satisfaction of conditions precedent to coverage

Defendant argues that Plaintiff has failed to allege that specific conditions precedent have been satisfied, such as failing to provide a sworn proof of loss, satisfaction of the retention requirement, or other conditions precedent. However, Plaintiff alleges that it "has complied with all conditions precedent to bringing this action or such conditions have been waived or excused."[2] (Doc. 1-1 ¶ 26). Rule 9(c) of the Federal Rules of Civil Procedure provides that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). Plaintiff's allegations satisfy this standard.

Moreover, each of the cases cited by Defendant relating to a failure to comply with conditions precedent, such as providing a sworn proof of loss, are not cases analyzing this issue at the motion to dismiss stage but instead analyze the issue at summary judgment or following trial. *See e.g.*, *Swaebe v. Fed. Ins. Co.*, 374 F. App'x 855, 858 (11th Cir. 2010) (appeal of summary judgment on issue of sworn proof of loss); *Maricopa Cap. Ltd. v. Certain Underwriters of Lloyd's London*, No. 18-cv-24751, 2022 WL 20806152, at *7 (S.D. Fla. Jan. 7, 2022) (considering whether the insured failed to satisfy her post-loss contractual obligations through a motion for

---

[2] Plaintiff also argues that it did provide a sworn proof of loss that is part of the record (Doc. 1-8). The sufficiency of the sworn proof of loss is an issue for summary judgment.

directed verdict during trial); *James River Ins. Co. v. Bodywell Nutrition, LLC*, 842 F. Supp. 2d 1351, 1354 (S.D. Fla. 2012) (analyzing duty to defend at the summary judgment stage); *Edwards v. SafePoint Ins. Co.*, 318 So. 3d 13, 16 (Fla. 4th DCA 2021) (considering an appeal where the lower court found "the insured failed to satisfy her post-loss contractual obligations" at the summary judgment stage); *Rodrigo v. State Farm Fla. Ins. Co.*, 144 So. 3d 690, 691 (Fla. 4th DCA 2014) (considering an appeal relating to an adverse final summary judgment that found the insurer did not waive the proof of loss requirement). Accordingly, the issue as to whether Plaintiff failed to comply with conditions precedent—such as providing a sworn proof of loss or satisfying any sort of retention requirements—is more properly suited for summary judgment. Defendant may raise these issues relating to the sufficiency of the sworn proof of loss and Plaintiff's calculations of the loss at a later stage, but these are not grounds for dismissal.

### C. Plaintiff's allegations of actual, verifiable loss

Defendant argues that Plaintiff has not alleged an actual, covered loss contending that Plaintiff's allegations such as: "forced to shut down its business," "sustained a covered loss as a result of which resulted in extensive financial damage to the company[]"; "a significant impact on revenue"; "substantial loss of income"; "extra expense"; amounting to "over a million dollars," without more" are insufficient. (Doc. 7 at 10). In support of this position, Defendant cites to a case

analyzing whether the community-wide Covid-19 closures constituted a covered loss under an insurance policy covering loss of business income. *El Novillo Rest. v. Certain Underwriters at Lloyd's, London*, 505 F. Supp. 3d 1343, 1349 (S.D. Fla. 2020). The case is factually distinguishable. In *El Novillo*, the court ultimately found that the policy's language required that a loss be "physical" as opposed to a mere economic loss like that caused by the closure mandates. *Id*. at 1350. This case does not involve a similar analysis of policy language and whether the losses suffered are physical or merely economic. Here, the Policy covers business interruption losses caused by a data breach, and Plaintiff alleges that it incurred such losses, which caused extensive financial damage, loss of income, and extra expenses. These allegations are accepted as true at this stage and are sufficient.

### D. Plaintiff's lack of allegations of wrongful denial

Defendant argues that Plaintiff's Complaint should be dismissed because there is no alleged wrongful denial. (Doc 7 at 10–11). However, Defendant does not provide any legal support for dismissal due to an absence of alleging a "wrongful" denial as opposed to a denial despite allegations of coverage. The cases cited by Defendant are inapposite and relate to failing to provide a sworn proof of loss. Moreover, assuming that a "wrongful" denial is merely a denial of coverage where there should have been coverage, Plaintiff has alleged this by alleging that there is

coverage for its losses, but such coverage was denied when it should not have been. The Complaint is not due to be dismissed for this reason.

### E. Plaintiff's declaratory judgment count

Last, Defendant argues that Plaintiff's declaratory judgment count must be dismissed because it is duplicative of the breach of contract count. (Doc. 7 at 15). The Court can revisit this issue at the summary judgment stage with a more developed record. While the Court is cognizant that it has the discretion to decline to consider a declaratory judgment count where it is duplicative of the breach of contract count, courts often make this determination at the summary judgment stage. *Sec. Nat'l Ins. Co. v. Hendrik Uiterwyk, P.A.*, 725 F. Supp. 3d 1308, 1323 (M.D. Fla. 2024) (reasoning at the summary judgment stage that "[w]here, as here, a claim for declaratory judgment is redundant with an earlier claim, courts frequently decline to consider the duplicative grounds for declaratory judgment."); *Sec. Nat'l Ins. Co. v. Hendrik Uiterwyk, P.A.*, 725 F. Supp. 3d 1308, 1323 (M.D. Fla. 2024); *Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs., Ltd.*, 416 F. Supp. 3d 1369, 1375–1377 (S.D. Fla. 2019) (same). Here, the Court finds no reason to rule on this issue at this stage even though it appears that the declaratory judgment claim may be redundant of the breach of contract claim. The parties may brief the issue at summary judgment.

Based on the foregoing, it is ordered as follows:

- 12 -

1. Defendant Hiscox Insurance Company, Inc.'s Motion to Dismiss Plaintiff Balgo Technologies, LLC's Complaint (Doc. 7) is **DENIED**.

2. Defendant shall file an answer to the Complaint within 7 days.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on December 5, 2025.

/s/ Anne C. Conway
Anne C. Conway
United States District Judge

Copies furnished to:

Counsel of Record